## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                )      CRIMINAL CASE NO. CF0225-11
                                   )
        vs.                        )
                                   )      DECISION AND ORDER
                                   )      ON DEFENDANT'S MOTION TO
JUAN BAYONA MESA,                  )              DISMISS
                                   )
                Defendant.         )
                                   )
_____)

This matter came before the HONORABLE VERNON P. PEREZ on November 15, 2011 on Defendant's Motion to Dismiss. Attorney Nicolas B. Barrett appeared on behalf of the Government. Attorney Raymond B. Ilagan represented Defendant, who was present. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with criminal sexual conduct and child abuse. Defendant requests dismissal as he argues that the Grand Jury was not presented with adequate competent evidence in violation of 8 GCA § 50.42 and § 50.54.

## DISCUSSION

**Competent Evidence**

Defendant is charged with Second Degree Criminal Sexual Conduct and Child Abuse. The Defendant moves to dismiss this case on the ground that the Government failed to provide sufficient evidence to the grand jury regarding at least one essential element of each charge. As to the CSC charge, Defendant argues that the Government failed to present evidence indicating that the Defendant touched the victim for the purpose of sexual gratification. As to the abuse charge, Defendant claims that no competent evidence was presented to prove the element of cruel mistreatment.

In opposition, the Government contends that dismissal is not warranted since the grand jury heard testimony that Defendant had no other purpose for touching the breast of the victim.

The testifying police officers stated that Defendant grabbed the victim's breast one time and attempted to grab the breast again. *See* Government's Opposition. The police testified that, the victim only avoided the second contact by blocking the Defendant's attempt and running away. *Id.* The Government also maintains that sufficient evidence was also presented to allow the grand jurors to agree that the Defendant subjected the victim to cruel mistreatment. Clearly, two attempts to make physical contact with a female child's breast, where one attempt was successful, is an intentional infliction of both physical and mental suffering.

In Guam, felony offenses are prosecuted by grand jury indictment. 8 GCA §1.15. During grand jury proceedings, the prosecutor is the only person authorized to present evidence to the grand jury and the grand jury must receive sufficient competent evidence to support the charges. 8 GCA §§50.46 and 50.42.

Title 8 GCA §50.42 provides in relevant part:

> The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury. (2010).

After receiving the evidence, "the grand jury shall find an indictment when from the evidence presented, there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA §50.54. "Reasonable cause amounts to evidence such that a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." *People v. Grajo*, 1987 WL109393 at *2 (D. Guam App. Div. 1987) (internal citations omitted).

The dismissal of the indictment is considered a drastic step and is generally disfavored as a remedy. *See U.S. v. Rodgers*, 751 F.2d 1074, 1076-77 (9th Cir. 1985); *People v. Muna*, 999 F.2d 397 (9th Cir. 1993). Once an indictment is returned, a party challenging it bears a difficult burden and must demonstrate either that any errors in the indictment process deceived the grand jury, or significantly infringed upon its ability to exercise independent judgment. *See U.S. v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983); *U.S. v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982). Dismissal of the indictment prior to trial based on errors in the grand jury proceedings is

warranted only upon showing that the defendant is prejudiced by the error. *Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 255 (1988); *see also People v. Muna*, 1992 WL245624, (D. Guam App. Div. 1992). Prejudice is demonstrated if it can be established that the violation substantially influenced the grand jury's decision to indict or if there is grave doubt that the indictment was free from substantial influence of such violations. *Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 255 (1988).

Having reviewed the charges, the Court must determine whether evidence was presented to the grand jury sufficient to formulate reasonable cause to believe that the alleged crimes were committed and that Defendant committed them. Guam law requires sufficient competent evidence to support an indictment. The threshold standard is "reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA §§ 50.42 and 50.54 (b). Courts applying this standard have consistently interpreted competent evidence as evidence that a reasonable person would rely on in conducting his or her daily affairs. *See People v. Avelino*, CF0435-01 (Super. Ct. Guam October 2002) (quoting *People v. Quidachay*, 815 F.2d 1311, 1313 (9th Cir. 1987)).

In this particular case, the primary source of evidence presented to the grand jury consisted of the testimony of Officer J. C. Terlaje and Officer M.F. Tenorio. After reviewing their respective testimony, the Court finds that the evidence presented to the grand jury was sufficient to constitute reasonable cause to believe that the crime of Second Degree Criminal Sexual Conduct was committed by the Defendant. Furthermore, there was sufficient evidence submitted to the grand jury that the Defendant subjected the victim to cruel mistreatment under the same notion that he touched her breast one time and attempted to touch her breast another time.

Based on the above events, the Court can find evidence tending to provide reasonable cause to believe that Defendant touched the victim for the purpose of sexual gratification. The Court finds that the evidence tends to demonstrate that Defendant unlawfully initiated contact with the victim. Due to the evidence supporting the idea that the contact was sexual, the treatment of the victim was also cruel. Thus, the grand jury could have found reasonable cause

*People v. Mesa,*
Decision and Order (Defendant's Motion to Dismiss)
Criminal Case No. CF0225-11      - Page 3 of 4 -

to believe that the indictable offenses of Second Degree Criminal Sexual Conduct and Child Abuse had been committed.

## CONCLUSION

Based on the Court's finding that sufficient evidence was presented to the grand jury to provide reasonable cause to believe that the offenses of Second Degree Criminal Sexual Conduct and Child Abuse had been committed, the Motion to Dismiss is hereby DENIED.

So **ORDERED** this ____ day of February, 2012.

FEB 0 8 2012

Original Signed By:
HON. VERNON P. PEREZ
_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

/ /

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagåtña, Guam

FEB 0 8 2012

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

/ /

/ /

/ /

/ /